**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 99-7134**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LINDSAY GUION,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Albert V. Bryan, Jr., Senior District Judge.  (CR-98-376-A, CA-99-823-AM)

─────────────

Submitted:  March 10, 2000          Decided:  March 17, 2000

─────────────

Before WILKINS and WILLIAMS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Dismissed by unpublished per curiam opinion.

─────────────

Lindsay Guion, Appellant Pro Se.  Theodore Robert Bolema, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Lindsay Guion seeks to appeal the district court's order denying his motion filed under 28 U.S.C.A. § 2255 (West Supp. 1999). We dismiss the appeal for lack of jurisdiction because Guion's notice of appeal was not timely filed.

In civil cases in which the United States is a party, such as here, parties have sixty days after entry of the district court's final judgment or order to note an appeal, see Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This sixty-day time limit is "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on June 17, 1999.[1] Guion's notice of appeal was filed on August 19, 1999.[2]

---

[1] Although the district court's order is marked as "filed" on June 16, 1999, the district court's records show that it was entered on the docket sheet on June 17, 1999. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date the judgment or order was entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

[2] Although Guion's notice of appeal is dated August 16, 1999, it was not filed until August 19, 1999. Because Guion was not incarcerated when he filed his notice of appeal, he is not entitled to the benefit of the Houston v. Lack, 487 U.S. 266 (1988), prison mailbox rule.

Because Guion failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we deny a certificate of appealability and dismiss the appeal.  We deny Guion's motion for appointment of counsel and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED